**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000649
29-JAN-2015
07:53 AM**

NO. CAAP-12-0000649

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER Z. RESICH, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-11-01076)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Christopher Z. Resich (Resich) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 21, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

A charge against Resich for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes § 291E-61(a)(1) and/or (a)(3) (Supp. 2014) was dismissed without prejudice for violation of Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP).

As his sole issue on appeal, Resich contends the District Court erred by dismissing the charge without prejudice instead of with prejudice.

---

[1]  The Honorable Paula Devens presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Resich's point of error as follows:

> [I]n determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion[2] factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

State v. Hern, 133 Hawaiʻi 59, 64, 323 P.3d 1241, 1246 (App. 2013). "The trial court's explanation of its consideration of the Estencion factors and the basis for its decision will permit meaningful appellate review." Id. at 65, 323 P.3d at 1247.

However, Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) (2011) places on the appellant the affirmative burden of providing the transcript of the proceedings:

> When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court or agency appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file.

Thus, it is well settled that "'[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.'" Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)). Because Resich's claim that the District Court erred in denying his motion to dismiss without prejudice depends on a review of the court's oral decision, the factual basis for his alleged point of error is not part of the record.

---

[2]     State v. Estencion, 63 Haw. 265, 625 P.2d 1040 (1981).

Appellate courts "will not presume error from a silent record." State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000).

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 21, 2012 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:   Honolulu, Hawai'i, January 29, 2015.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3